GARWOOD, Circuit Judge,
joined by EMILIO M. GARZA, Circuit Judge, concurring specially:
I join in the affirmance, and I agree with the holdings on penalties and attorneys’ fees and that exclusion (m) is inapplicable. As to exclusion (m), however, I rely on its *500 paragraph (b) rather than the second clause of its paragraph (a). The force of Judge Brown’s reasoning as to the second clause of paragraph (a) ultimately derives from the assumption that all insureds are corporations. The policy, however, appears to contemplate the not unreasonable possibility that the insured may be an individual {e.g., paragraph (a) uses the personal pronoun “him” and “his,” not “it” or “its” as would be appropriate if all insureds were corporations). Thus, the presence in paragraph (a)’s second clause of the words “the Insured” is necessary to allow coverage under (a) when the vehicle is driven by the insured, as well as when it is driven by “his own full time salaried employees.” The latter phrase, however, plainly indicates an intention to exclude from (a) vehicles driven by agents of the insured who are not his full time employees. To construe paragraph (a)’s “operated” to cover operations on behalf of the insured by his agents — as Judge Brown does — is necessarily to bring within paragraph (a) vehicles driven by the insured’s part time employees, which is what (a) facially intends to exclude.* Paragraph (b), however, contains nothing comparable to indicate an intent to exclude agency operation; nor does (b) contain (a)’s restrictive “exclusively.” An “owner operator” need not be an individual, and indeed one of the six claims at issue here involves a corporate owner operator. Paragraph (b) is hence ambiguous as applied to the situation where the leased truck is driven by the owner operator’s employee. Such ambiguity regarding the scope of exclusion (m) is properly resolved against the insurer under Louisiana law.

 Judge Brown correctly notes that the words "and/or” in paragraph (a) mean “the one or the other or both,” with the result that paragraph (a)’s "operated exclusively by” requirement may be fulfilled if the truck is "operated exclusively” either by the insured, or by his own full time salaried employees, or by both the insured and his own full time salaried employees. From this common sense observation, Judge Brown draws the remarkable conclusion that the "operated exclusively by” requirement is fulfilled if the truck is operated exclusively by an agent of the insured who is not the insured’s full time employee, from which it would necessarily follow that the requirement would also be fulfilled by operation exclusively by the insured's part time employees, contrary to the facially evident intention of paragraph (a) to exclude that situation.